UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

04 11420 PBS

MARK BROADLEY, )
    Plaintiff )
)
vs. MAGISTRATE JUDGE KBC )
)
MASHPEE NECK MARINA, INC. )
    Defendant )

RECEIPT # 56818
AMOUNT $150
SUMMONS ISSUED ✓
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. ToM
DATE 6/22/04

COMPLAINT

INTRODUCTION

1.    This is an action for declaratory relief and maritime personal injuries, which occurred on or about August 25, 2002 when the plaintiff, Mark Broadley's foot became caught in a large gap between the main dock and a floating dock to which his boat was moored. The plaintiff asserts a cause of action against the defendant for personal injuries based upon negligence under the General Maritime Law.

JURISDICTION

2.    This is a maritime case brought pursuant to 28 U.S.C., sec. 1333(1). Venue is proper in the District Court of Massachusetts pursuant to 28 U.S.C., sec. 1391(c).

PARTIES

3.    The plaintiff, Mark Broadley, is of legal age and resides in Mashpee, Massachusetts.

4.    The defendant, Mashpee Neck Marina, Inc., is a duly organized corporation with its principal place of business in Mashpee, Massachusetts, and doing business in the Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

5. On August 25, 2002, while at the defendant's marina, the plaintiff's foot became caught in a large gap between the main dock and a floating dock to which the plaintiff's boat was moored. The plaintiff's boat was in navigable waters and while the plaintiff was in the exercise of due care, he sustained serious personal injuries due to the negligence of the defendant, its agents, servants, or employees.

6. Plaintiff, as a requirement to lease the mooring space at defendant's marina, entered into a contract, which contains an exculpatory clause that the plaintiff alleges is overbroad, unconscionable, and does not waive claims for the defendant's negligence.

## COUNT I

(Request for Declaratory Relief pursuant to 28 U.S.C. § 2201)

7. Paragraphs 1-6 are realleged and incorporated by reference.

8. The injuries sustained by the plaintiff were due to no fault of his own, but were caused by the negligence of the defendant.

9. The exculpatory clause at issue does not specifically exculpate the defendant from negligence. The clause is overbroad, unconscionable, and against public policy.

10. This cause of action is brought for declaratory relief.

## REQUEST FOR RELIEF

1. That this Court, under Count I, enter declaratory judgment in favor of the plaintiff against the defendant resolving the controversy as to the legitimacy of the exculpatory clause set forth in paragraph 6 of this complaint by striking the clause.

2. For such other relief as this Court deems appropriate.

## COUNT II

(General Maritime Law Based Upon Negligence)

11. Paragraphs 1-10 are realleged and incorporated by reference.

12. The injuries sustained by the plaintiff were due to no fault of his own, but were caused by the negligence of the defendant.

13. As a result of said injuries, the plaintiff has suffered great pain of body and anguish of mind, incurred medical and hospital expenses, loss of time from his usual work, and has suffered and will suffer other damages as will be shown at the trial.

14. This cause of action is brought for negligence under the General Maritime Law.

## REQUEST FOR RELIEF

1. That this Court, under Count II, enter judgment in favor of the plaintiff against the defendant.

2. For such other relief as this Court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.

Respectfully submitted
By his attorney

THOMAS M. BOND, #545549
The Kaplan/Bond Group
Boston Fish Pier
West Building, Suite 304
P. O. Box 1404
Boston, MA 02205-1404
(617) 261-0080

Dated: June 21, 2004

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Mark Broadley

**DEFENDANTS**
Mashpee Neck Marina, Inc.

*[Stamp: CLERKS OFFICE 2004 JUN 22 P 12:46 U.S. DISTRICT COURT DISTRICT OF MASS]*

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Barnstable__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Barnstable__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Thomas M. Bond
Kaplan/Bond Group
Boston Fish Pier, West Building, Suite 304
Boston, MA 02210

ATTORNEYS (IF KNOWN)

**04 11420 PBS**

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☒ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
|  | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  | ☐ 370 Other Fraud |  |  |
| ☐ 160 Stockholders' Suits |  | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 892 Economic Stabilization Act |
|  | ☐ 360 Other Personal Injury |  | **SOCIAL SECURITY** | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 861 HIA (1395ff) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 862 Black Lung (923) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 864 SSID Title XVI | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 865 RSI (405(g)) |  |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 720 Labor/Mgmt. Relations | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | |
|  |  | ☐ 555 Prison Condition | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
|  |  |  | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
|  |  |  | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. sec. 1333(1)

**VII. REQUESTED IN COMPLAINT:**   CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE 6-15-04

SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)
   Mark Broadley v. Mashpee Neck Marina, Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
              *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   X    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES   (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES   (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES   (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES   (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   (YES)   NO

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
       (EASTERN DIVISION)    CENTRAL DIVISION    WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
       EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Thomas M. Bond
ADDRESS  Boston Fish Pier, West Building, Suite 304 Boston, MA 02210
TELEPHONE NO.  617-261-0080

(Cover sheet local.wpd - 11/27/00)