UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2004 JUL 26  A  CIVIL ACTION NO. 04-11420 PBS

MARK BROADLEY,
    Plaintiff

DISTRICT COURT
DISTRICT OF MASS

VS.

MASHPEE NECK MARINA, INC.,
    Defendants

## MOTION TO DISMISS OF THE DEFENDANT, MASHPEE NECK MARINA, INC. FEDERAL RULES CIVIL PROCEDURE 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION

Now comes the Mashpee Neck Marina, Inc. in the above-captioned matter and moves

this court to dismiss the complaint of Mark Broadley pursuant to Fed.R.Civ.P. Rule 12(b)(1)

insofar as this court lacks subject matter jurisdiction. As grounds therefore, the Mashpee Neck

Marina, Inc. states:

1.    The sole basis for jurisdiction in this court as alleged in the complaint at paragraph 2 is in Maritime Law pursuant to 28 USC §1333(1).

2.    The complaint fails to allege a cause of action in Maritime Law. In specific, the complaint alleges at paragraphs 1 and 5 that the defendant maintained a dock and a floating dock to which the plaintiff's boat was moored. Further, that the plaintiff claims that his foot "became caught in large gap between the main dock and a floating dock to which the plaintiff's boat was moored."

3.    The claim then of Mark Broadley is that he was injured while on a dock or between a dock and a floating dock owned by the defendant. Structures such as docks and floating docks are extensions of the land and are not navigational vessels. Thus, since the claimed injury occurred on the land (or an extension thereof) and not on navigable waters nor would the allegations in the complaint fall under the Admiralty Extension Act of 1948, 46 USC §740 in that the dock as alleged in the complaint is not a vessel, the claim does not fall within Maritime or Admiralty Jurisdiction.

4.    Since there is no other allegation of this court's jurisdiction, the plaintiff's complaint must be dismissed.

WHEREFORE, Mashpee Neck Marina, Inc. moves that the complaint of Mark Broadley be dismissed for lack of subject matter jurisdiction. All as more fully shown by the attached memorandum of law.

Respectfully submitted,

John H. Bruno II, Esquire
B.B.O. No. 542098
Masi & Bruno
124 Long Pond Road
Unit 11
Plymouth, MA 02360
(508)747-5277

# REQUEST FOR ORAL ARGUMENT

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail / hand on
7/23/04