UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11420 PBS

MARK BROADLEY,
  Plaintiff

VS.

MASHPEE NECK MARINA, INC.,
  Defendant

**MEMORANDUM IN SUPPORT OF THE DEFENDANT, MASHPEE NECK MARINA, INC.'S REPLY MEMORANDUM TO MARK BROADLEY'S OPPOSITION TO MASHPEE NECK MARINA, INC.'S MOTION TO DISMISS FOR LACK OF JURISDICTION**

In its original motion to dismiss, Mashpee Neck Marina, Inc. argues that the claim filed by Mark Broadley is not within the admiralty jurisdiction of the court insofar as the claim is a tort claim which did not involve a vessel, but rather, having occurred on a dock, the claim occurred on an extension of land and not within admiralty jurisdiction. In response to Mashpee Neck Marina, Inc.'s motion to dismiss for lack of jurisdiction, Mark Broadley has alleged admiralty jurisdiction based on the allegation that there is a "marine contract" at issue in Count I of the complaint which confers admiralty jurisdiction. Count I of the complaint is a claim for declaratory judgment relating to one aspect of a dockage/mooring contract.

Mashpee Neck Marina, Inc. states in this reply memorandum that the inclusion of the count for declaratory judgment does not transform this tort case into a maritime contract case. In short, the essence of the claim and the dispute in this case is not based on contract. Rather, Mark Broadley's claim and the case in this matter involves a claim of negligence in the maintenance of property. It is proper for this to court review the allegations in the complaint and the circumstances of the case in order to determine whether jurisdiction exists. A simple review of

1

the applicable law and the circumstances as outlined in the complaint clearly show that this case does not fall under maritime jurisdiction.

In examing whether a court has jurisdiction insofar as an alleged maritime contract, the United States Supreme Court has indicated that *"In determining the boundaries of admiralty jurisdiction, we look to the purpose of the grant . . . [citation omitted] . . . The fundamental interest giving rise to maritime jurisdiction is the "protection of maritime commerce" [citation omitted]."* **Exxon Corporation v. Central Golf Lines, Inc.**, 500 U.S. 603, 111 S.Ct. 2071, 114 L. Ed.2d 649 (1991). It is important, before attempting to categorize contractual rights as maritime or nonmaritime, that a federal court first consider whether an issue related to maritime interests has been raised by the controversy. **Atlantic Mutual Insurance Company v. Balfour Maclaine Internatial LTD., et al.**, 968 F2d 196 (2nd Circuit 1992) (*"Before attempting to categorize contractual rights as maritime or nonmaritime, a federal court must first consider whether an issue relating to maritime interest has been raised."*) In making the determination, the federal court *"must initially determine whether the subject matter of the dispute is so attenuated from the business of maritime commerce that it does not implicate the concerns underlying admiralty and maritime jurisdiction."* Id. Thus, the court must look at the claims raised to determine whether or not those claims impact on the fundamental interest giving rise to maritime jurisdiction, that being the protection of maritime commerce. **Exxon Corporation v. Central Golf Lines, Inc.**, *Supra*.

As the Second Circuit noted in **Atlantic Mutual Insurance Company**, the subject matter of the dispute must be examined. In this case, a simple review of the dispute shows that this is a garden variety tort claim in premises liability. The question of whether or not the defendant raises or will be successful in raising a defense of release, again is merely part of a normal

2

premises liability case. In a factually similar case, the First Circuit Court of Appeals in **Muise v. Abbott**, 160 F2d 590 (1st Circuit 1947) noted that a fall on a wharf amounted to cause of action "sounding in tort against the wharf owner for alleged negligent maintenance of its premises . . . ". See also; **Matilda McBridge, Respondent v. Standard Oil Company of New York**, 196 A.D. 822, 188 N.Y.S. 90 (Supreme Ct. App. Div. 1921).

The focus and thrust of Mark Broadley's claim is for personal injuries as the result of a fall on a dock. Mark Broadley's claim does not raise any issue relating to a marine contract. The claim by Mark Broadley simply is not within the category of admiralty or maritime law.

Respectfully submitted,

John H. Bruno II, Esquire
B.B.O. No. 542098
Masi & Bruno
124 Long Pond Road
Unit 11
Plymouth, MA 02360
(508)747-5277

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail / hand on 8/24/04

3