# United States District Court
# District of Massachusetts

MARK BROADLEY,
    Plaintiff,

    v.                      CIVIL ACTION NO. 04-11420-PBS

MASHPEE NECK MARINA, INC.,
    Defendant.

### *REPORT AND RECOMMENDATION ON DEFENDANT MASHPEE NECK MARINA, INC.'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) (#2)*

COLLINGS, U.S.M.J.

### *I. Introduction*

On June 22, 2004, plaintiff Mark Broadley ("Broadley") filed a two-count complaint naming Mashpee Neck Marina, Inc. ("Marina") as the defendant. In lieu of answering the complaint, Marina filed a motion to dismiss which is presently before the Court for the issuance of a Report and Recommendation on its disposition.

### *II. The Facts*

The following facts are gleaned from the complaint. On August 25, 2002, Broadley, a Mashpee resident, was injured at a dock owned by defendant Marina. (#1 ¶¶1, 3) The plaintiff's foot became caught between the main dock and a floating dock to which his boat was moored. (#1 ¶¶1, 5) As a consequence, Broadley suffered an injury to his ankle. (#1 ¶5)

1

At the time of the injury, the plaintiff and the defendant were parties to a contract pursuant to which Broadley leased mooring space at defendant's marina. (#1 ¶6)  The contract contained an exculpatory clause which provided that:

> The OWNER [Mr. Broadley] warrants and convenants that neither the OWNER, the Vessel, nor anyone in privity with either, will make any claims, demands, causes of action of any kind and nature, or obtain or enforce any judgments, executions or levies thereon, directly or indirectly (including subrogation matters), against MARINA, its officers, directors, agents, servants, or its employees, arising out of any damage, loss, personal injury or death suffered by them or those in privity with them or any damage, loss, personal injury or death suffered by other owners, vessels, or persons in privity with them, for which third party claims might otherwise be raised against MARINA, etc.  The OWNER and Vessel agree and covenant that they will defend, indemnify and save MARINA harmless from any and all of such claims, demands, causes of action, judgments and executions, and the MARINA shall be entitled to responsible attorneys fees in the event of breach of the OWNER'S covenant hereunder.

Plaintiff's Opposition #6, Exh. B, ¶35.[1]

### III. The Claims

In Count 1, the plaintiff seeks the entry of a declaratory judgment in his favor, alleging that the defendant is not specifically exculpated from negligence under the exculpatory clause of the contract and that the clause runs contrary to public policy.  Count 2 is a claim for negligence.

### IV. The Applicable Standard

---

[1] Although the contract was not appended to the complaint, it can still be considered. *See Rodi v. Southern New England School of Law*, 381 F.3d 5, 11 (1 Cir., 2004))("In ruling on whether a plaintiff has stated an actionable claim, an inquiring court, be it a trial or appellate court, must consider the complaint, documents annexed to it, and other materials fairly incorporated within it. *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15-16 (1st Cir.2003); *Cogan v. Phoenix Life Ins. Co.*, 310 F.3d 238, 241 n. 4 (1st Cir. 2002). This sometimes includes documents referred to in the complaint but not annexed to it. *See Coyne v. Cronin*, [386] F.3d [280],[283](1st Cir.2004) [No. 03-2357, slip op. at 11]; *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir.1998); *Fudge v. Penthouse Int'l, Ltd.*, 840 F.2d 1012, 1015 (1st Cir.1988).")

Pursuant to Rule 12(b)(1), Fed. R. Civ. P., a defendant may move to dismiss an action for lack of federal subject matter jurisdiction. Because federal courts are considered courts of limited jurisdiction, "federal jurisdiction is never presumed." *Viquiera v. First Bank,* 140 F.3d 12, 16 (1 Cir., 1998). Instead, "'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" *Murphy v. United States,* 45 F.3d 520, 522 (1 Cir.), *cert. denied,* 515 U.S. 1144 (1995) (quoting *Taber Partners, I v. Merit Builders, Inc.,* 987 F.2d 57, 60 (1 Cir.), *cert. denied,* 510 U.S. 823 (1993)).

Once a defendant challenges the jurisdictional basis for a claim under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction. *Thomson v. Gaskill,* 315 U.S. 442, 446 (1942); *Aversa v. United States,* 99 F.3d 1200, 1209 (1 Cir., 1996); *Murphy,* 45 F.3d at 522. The First Circuit has held that the proponent must clearly indicate the grounds upon which the Court may properly exercise jurisdiction over the matter presented: "[I]t is black-letter law that jurisdiction must be apparent from the face of the plaintiffs' pleading." *PCS 2000 LP v. Romulus Telecomms., Inc.,* 148 F.3d 32, 35 (1 Cir., 1998) (quoting *Viquiera,* 140 F.3d at 18). Hence, if the plaintiff fails to show a basis for either diversity or federal question jurisdiction, the district court must grant the defendant's Rule 12(b)(1) motion.

In ruling on a motion to dismiss for lack of jurisdiction, "the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of plaintiff." *Aversa,* 99 F.3d at 1210; *Murphy,* 45 F.3d at 522. That is not to say that this leniency eliminates the plaintiff's burden of proving an appropriate jurisdictional basis. Indeed, a plaintiff cannot assert a proper jurisdictional basis "merely on 'unsupported conclusions or interpretations of law.'" *Murphy,* 45 F.3d at 422 (quoting *Washington Legal Foundation v.*

*Massachusetts Bar Foundation,* 993 F.2d 962, 971 (1 Cir., 1993)).

*V. Discussion*

Title 28 U.S.C. §1333 provides that "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction." Plaintiff's declaratory judgment claim comes under admiralty jurisdiction because the contract between Marina and Broadley is a wharfage contract, one that without question is of a maritime nature and therefore within admiralty jurisdiction. *Selame Assoc., Inc. v. Holiday Inns, Inc.,* 451 F. Supp. 412 (D. Mass., 1978); *Bird v. S.S. Fortuna*, 232 F. Supp 690 (D. Mass., 1964); 1 Admiralty & Mar. Law §3-10 (4th ed.).

Marina contends that admiralty jurisdiction does not exist, relying on the case of *Atlantic Mutual Insurance Company v. Balfour Maclaine International Ltd.,* 968 F.2d 196 (2 Cir., 1992). In *Atlantic Mutual* the dispute between the parties involved an insurance policy which covered cargo losses during transportation by ship, transportation between ships and storehouses, and storage on wharves, as well as a separate provision for on-shore storage. *Atlantic Mutual*, 968 F.2d at 197-8. The policy clearly contained both maritime and non-maritime interests. At issue was the disappearance of coffee while it was on-shore. *Atlantic Mutual*, 968 F.2d at 198. The Second Circuit determined that because no maritime related interest had been raised, admiralty jurisdiction did not exist. *Atlantic Mutual*, 968 F.2d at 200.

The defendant in the instant case argues that, in keeping with the *Atlantic Mutual* holding, the Court should focus solely on "the essence of the claim and the dispute", that being, in the defendant's view, "a claim of negligence in the maintenance of the property." (#9 at 1) While certainly the negligence claim is significant in this litigation, so too is the declaratory judgment claim

involving the maritime contract. The negligence claim cannot be divorced from the declaratory judgment because without success on the latter, the plaintiff cannot proceed on the former.

The Supreme Court held that "in determining whether a contract falls within admiralty, 'the true criterion is the nature and subject-matter of the contract, as whether it was a maritime contract, having reference to maritime service or maritime transactions.'" *Exxon Corporation v. Central Gulf Lines, Inc.* 500 U.S. 603, 610 (1991) quoting *New England Mutual Ins. Co. v. Dunham,* 78 U.S. 1, 11 Wall. 1 (1870). The exculpatory clause in a maritime contract, such as that of a wharfage contract, could certainly raise an issue related to maritime interest because it directly impacts boat owners' means to pursue liability actions against marinas for legitimate wrongs. Because the request for declaratory judgment is pursuant to a maritime contract, admiralty jurisdiction exists.

The plaintiff's tort claim is a different matter. In his opposition to Marina's motion to dismiss, Broadley contends that admiralty jurisdiction exists because his injury was caused when the dock undulated as a result of the wake from a passing boat and therefore would be covered under the Admiralty Extension Act, 46 U.S.C. §740. This argument cannot be considered given that the allegations of the complaint incorporate no such facts, nor is the Admiralty Extension Act pled as a basis for jurisdiction.

However, the tort claim may be brought in federal court under the court's supplemental jurisdiction. The provisions of 28 U.S.C. §1367(a) dealing with supplemental jurisdiction provide that:

> Except as provided by subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United

> States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Title 28 U.S.C. §1367(a).

The instant case is one in admiralty and thus one "of which the district courts have original jurisdiction." Second, under the statute, the Court has supplemental jurisdiction over any claim which is "... so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the ... Constitution." Thus, the Court has supplemental jurisdiction over the plaintiff's negligence claim if that claim is "so related" to the declaratory judgment claim. They form part of the same "case or controversy" if both the plaintiff's jurisdiction-invoking claim, Count I, and the state law claim, Count II,

> derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole."

*United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)(footnote omitted).

In this case the plaintiff cannot proceed on the tort claim without resolving the contractual dispute. Further, if the declaratory judgment goes against Broadley, his negligence claim will likewise be doomed. These claims are assuredly intertwined and would be expected to be tried together. Judicial efficiency favors bringing the tort claim under supplemental jurisdiction.

### *VI. Recommendation*

For all the reasons stated, I RECOMMEND that Defendant Marina's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) be DENIED. In the event the District Judge disagrees with my conclusion that the tort claim can be brought under the court's supplemental jurisdiction, I ALTERNATIVELY RECOMMEND that Defendant Marina's Motion, Etc. (#2) be

DENIED as to the contract claim and that leave to amend the tort claim be granted in order for the plaintiff to cite the Admiralty Extension Act, 46 U.S.C. § 740 as a basis for jurisdiction and to plead facts which would bring the tort claim within admiralty jurisdiction based on that statute.

### *VII. Review by the District Judge*

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete,* 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega,* 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

January 24, 2005.