UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11420 PBS

MARK BROADLEY,
   Plaintiff

VS.

MASHPEE NECK MARINA, INC.,
   Defendant

## OBJECTIONS OF MASHPEE NECK MARINA, INC. TO REPORT AND RECOMMENDATION OF MAGISTRATE PURSUANT TO FED.R.CIV.P. RULE 72

Now comes the Mashpee Neck Marina, Inc. in the above-captioned matter and reports the following objections to the Magistrate's recommendation and report:

1. The Court when deciding whether to exercise maritime jurisdiction must look at the substance of the case. This case does not raise issues relating to contract claims or claims involving maritime contracts. Rather, the issues raised are tort claims not within the maritime jurisdiction. Maritime jurisdiction has not been construed to "encompass accidents on piers, jetties, bridges or even ramps and railways running into the sea." **Southport Marine, LLC v. Gulf Oil Limited Partnership**, 234 F 3d 58 (1st Cir ME 2000). Mark Broadley's claim is premised on an injury suffered while on a floating dock. But for the injury, Mark Broadley would not have a claim at all. Thus, the issue herein is the marina's liability for personal injury on its premises, not a claim based on a contract.

As the Second Circuit observed in **Atlantic Mutual Insurance Company v. Balfour Maclaine Internatial LTD., et al.**, 968 F2d 196 (2nd Circuit 1992), contracts which may be maritime can also be mixed. The contract in this case signed by Mark Broadley includes topics that would not be maritime, such as the parking of vehicles (paragraph 19); leashing and controlling of dogs (paragraph 17); use of barbeque grills on docks (paragraph 14). As noted in **Atlantic Mutual**, though, before the court makes inquiry into the nature of the contract, the court should look at the nature of the controversy. Clearly, the fall on the dock is not subject to maritime jurisdiction, nor is Mark Broadley's injury. The exculpatory language in the contract applies then to areas that would not be subject to maritime jurisdiction. Again, the controversy in this case is not based on the contract, but on the liability or lack thereof for Mark Broadley's injury.

2. The Magistrate's recommendations rely on Federal Maritime Jurisdiction as to what is alleged to be a wharfage contract and suggest that supplemental

1

jurisdiction is appropriate for the plaintiff's tort claim. Supplemental jurisdiction should be declined in this court's discretion pursuant to 28 USC §1367C insofar as the state claim in this case "substantially predominates over the claim or claims over which the district court has original jurisdiction." See, **Vera-Lozano v. International Broadcasting**, 50 F3d 67 at 70 (1st Cir. MA 1995). The issue relating to enforceability of the exculpatory language in the wharfage contract is a matter of defense. Notwithstanding, the plaintiff's claim in this case is a tort claim for injury to his ankle. There is no claim for damages or for breach of contract in regards to the contract.

3. Further, the court should not allow as a basis for jurisdiction the Admiralty Extension Act, 46 USC §740. The Admiralty Extension Act would apply if the injury occurred as the result of an extension of a vessel. In this case, if there is an extension of the vessel, it is the vessel owned by the plaintiff. The plaintiff claims that he was injured after departing from his boat and walking along a dock. The allegations of Mark Broadley's complaint are on point with and controlled by **Dobrovich v. Hotchkiss**, 14 F Supp 2d 232 (USDCT Conn 1998). As suggested in the defendant's original motion to dismiss.

Wherefore, Mashpee Neck Marina, Inc. raises the above specific objections to the Magistrate's report and recommendations.

Respectfully submitted,

/s/ John H. Brunell

John H. Brunell, Esquire
B.B.O. No. 542098
Masi & Bruno
124 Long Pond Road
Unit 11
Plymouth, MA 02360
(508)747-5277

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail / hand on
1/26/05

/s/ 

2