UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

CIVIL ACTION NO.: 04-11420-PBS

2005 FEB -3 P 12: 36

U.S. DISTRICT COURT
DISTRICT OF MASS

|  |  |
|---|---|
| MARK BROADLEY, | ) |
| Plaintiff | ) |
|  | ) |
| vs. | ) |
|  | ) |
| MASHPEE NECK MARINA, INC. | ) |
| Defendant | ) |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### INTRODUCTION

1.  This is an action for declaratory relief and maritime personal injuries, which occurred on or about August 25, 2002 when the plaintiff, Mark Broadley's foot became caught in a large gap between the main dock and a floating dock to which his boat was moored.  The plaintiff asserts a cause of action against the defendant for personal injuries based upon negligence under the General Maritime Law.

### JURISDICTION

2.  This is a maritime case brought pursuant to 28 U.S.C. §1333(1) and 28 U.S.C. §1367 and in the alternative the Admiralty Extension Act, 46 App. U.S.C. §740.  Venue is proper in the District Court of Massachusetts pursuant to 28 U.S.C., §1391(c).

### PARTIES

3.  The plaintiff, Mark Broadley, is of legal age and resides in Mashpee, Massachusetts.

4.  The defendant, Mashpee Neck Marina, Inc., is a duly organized corporation with its principal place of business in Mashpee, Massachusetts, and doing business in the

1

Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

5.    On August 25, 2002, while at the defendant's marina, the plaintiff's foot became caught in a large gap between the main dock and a floating dock to which the plaintiff's boat was moored. The gap between the main dock and floating dock was caused to be enlarged by wave action from an unknown vessel passing the marina on navigable waters.

6.    The plaintiff's boat was in navigable waters and while the plaintiff was in the exercise of due care, he sustained serious personal injuries due to the negligence of the defendant, its agents, servants, or employees.

7.    Plaintiff, as a requirement to lease the mooring space at defendant's marina, entered into a contract, which contains an exculpatory clause that the plaintiff alleges is overbroad, unconscionable, and does not waive claims for the defendant's negligence.

## COUNT I

(Request for Declaratory Relief pursuant to 28 U.S.C. § 2201)

8.    Paragraphs 1-7 are realleged and incorporated by reference.

9.    The injuries sustained by the plaintiff were due to no fault of his own, but were caused by the negligence of the defendant.

10.    The exculpatory clause at issue does not specifically exculpate the defendant from negligence. The clause is overbroad, unconscionable, and against public policy.

11.    This cause of action is brought for declaratory relief.

## REQUEST FOR RELIEF

1. That this Court, under Count I, enter declaratory judgment in favor of the plaintiff against the defendant resolving the controversy as to the legitimacy of the exculpatory clause set forth in paragraph 7 of this complaint by striking the clause.

2. For such other relief as this Court deems appropriate.

## COUNT II

### (General Maritime Law Based Upon Negligence)

12. Paragraphs 1-11 are realleged and incorporated by reference.

13. The plaintiff brings this claim under the General Maritime Law based upon the fact that his injuries occurred on the navigable waters. In the alternative, this claim is supplemental under 28 U.S.C. §1367 in conjunction with Count I.

14. The injuries sustained by the plaintiff were due to no fault of his own, but were caused by the negligence of the defendant.

15. As a result of said injuries, the plaintiff has suffered great pain of body and anguish of mind, incurred medical and hospital expenses, loss of time from his usual work, and has suffered and will suffer other damages as will be shown at the trial.

16. This cause of action is brought for negligence under the General Maritime Law.

## REQUEST FOR RELIEF

1. That this Court, under Count II, enter judgment in favor of the plaintiff against the defendant.

2. For such other relief as this Court deems appropriate.

3

## COUNT III

(Admiralty Extension Act, 46 U.S.C. §740 Based Upon Negligence)

17. Paragraphs 1-16 are realleged and incorporated by reference.

18. The injuries sustained by the plaintiff were due to no fault of his own, but were caused by the negligence of the defendant as a result of wave action caused by an unknown vessel passing the marina on navigable waters resulting in the plaintiff's injuries being committed or consummated on land.

19. As a result of said injuries, the plaintiff has suffered great pain of body and anguish of mind, incurred medical and hospital expenses, loss of time from his usual work, and has suffered and will suffer other damages as will be shown at the trial.

20. This cause of action is brought for negligence under the Admiralty Extension Act, 46 App. U.S.C. §740.

## REQUEST FOR RELIEF

1. That this Court, under Count III, enter judgment in favor of the plaintiff against the defendant.

2. For such other relief as this Court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.

Respectfully submitted
By his attorney

THOMAS M. BOND, #546649
**THE KAPLAN/BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, MA  02210
(617) 261-0080

Dated:

4

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing documents upon the parties to this action by mailing a copy of thereof, first class, postage prepaid, to the following counsel of record:

PLAINTIFF'S ASSENTED TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Attorney John H. Bruno II
Masi & Bruno
124 Long Pond Road, Unit 11
Plymouth, MA 02360

THOMAS M. BOND
THE KAPLAN/BOND GROUP
Boston Fish Pier
West Building, Suite 304
Boston, MA 02210
(617) 261-0080
BBO#: 546649

DATE:  2-2-05