UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11420 PBS

MARK BROADLEY,
    Plaintiff

VS.

MASHPEE NECK MARINA, INC.,
    Defendants

## ANSWER OF THE DEFENDANT TO PLAINTIFF'S AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

1.    The defendant denies that the allegations of this complaint support the jurisdiction of this court and/or are cognizant and/or general maritime law. The defendant acknowledges the count for declaratory relief, however defendant states that this claim is one in personally injury and does not otherwise fit the jurisdiction of this court and therefore should be dismissed.

2.    The defendant denies that "this is a maritime case" and states that the claim does not fit the jurisdiction of this court and therefore should be dismissed. The defendant does not dispute that venue would be proper if the court had subject matter jurisdiction.

3.    The defendant admits the allegations set forth in this paragraph.

4.    The defendant admits the allegations set forth in this paragraph.

5.    The defendant denies that it is liable to any party and further denies that any property under its custody or control was defective or the cause of any injury. As to the specific allegations of this complaint, the defendant does not presently have sufficient information relating to the circumstances of the plaintiff's alleged claim and therefore denies same.

6.    The defendant denies the allegations set forth in this paragraph.

7.    The defendant admits that the plaintiff entered into a contract with the defendant which specifically outlined the rights and obligations of all parties. Further, the defendant alleges that under the contract, it is not responsible for any claimed injury to the plaintiff.

### COUNT I

8.    The defendant restates its answers to paragraph 1 through 7 of the plaintiff's complaint.

1

9.    The defendant denies the allegations set forth in this paragraph.

10.   The defendant denies the allegations set forth in this paragraph.

11.   No answer required.

## REQUEST FOR RELIEF

1.    The defendant denies that the plaintiff is entitled to the judgment sought and further that the defendant is entitled to judgment in its favor.

2.    The defendant denies that the plaintiff is entitled to the judgment sought and further that the defendant is entitled to judgment in its favor.

## COUNT II

The defendant denies that the allegations raised in this complaint raise general maritime jurisdiction.

12.   The defendant restates its answers to paragraph 1 through 11 of the plaintiff's complaint.

13.   The defendant denies that this claim is cognizable under Maritime Law or that supplemental jurisdiction is appropriate.

14.   The defendant denies the allegations set forth in this paragraph.

15.   The defendant denies the allegations set forth in this paragraph.

16.   The defendant denies that the allegations of this complaint fall under the jurisdiction of general maritime law.  The defendant further denies that it is to any extent responsible for any injury claimed by the plaintiff.

## REQUEST FOR RELIEF

1.    The defendant denies that any party is entitled to judgment against it.

2.    The defendant denies that any party is entitled to judgment against it and moves this court for judgment in its favor.

## COUNT III

The defendant denies that the allegations raised in this complaint raise general maritime jurisdiction.

17.   The defendant restates its answers to paragraph 1 through 16 of the plaintiff's complaint.

18.    The defendant denies the allegations set forth in this paragraph.

19.    The defendant denies the allegations set forth in this paragraph.

20.    The defendant denies that this claim is cognizable under 46 USC 740.

## REQUEST FOR RELIEF

1.    The defendant denies that any party is entitled to judgment against it.

2.    The defendant denies that any party is entitled to judgment against it and moves this court for judgment in its favor.

**THE DEFENDANT DEMANDS A TRIAL BY JURY OF ALL ISSUES HEREIN.**

## AFFIRMATIVE DEFENSES

1.    The plaintiff's injuries and damages were caused in whole or in part by the plaintiff's negligence which was greater than any negligence of the defendant.

2.    The cause of action asserted in the complaint should be dismissed for failure to state a claim upon which relief may be granted.

3.    This Honorable Court lacks jurisdiction over the subject matter of this Complaint.

4.    The defendant pleads failure to properly mitigate damages.

5.    The defendant pleads comparative negligence.

6.    The defendant pleads waiver and release.  The contract signed by the plaintiff prohibits this cause of action.

**THE DEFENDANT DEMANDS A TRIAL BY JURY OF ALL ISSUES HEREIN.**

## COUNT I - COUNTERCLAIM FOR DECLARATORY JUDGMENT

1.    Plaintiff signed and agreed to the terms of a "dockage contract and dockage/mooring contract rules and regulations (see attached Exhibit A).

2.    Pursuant to the dockage contract specifically paragraph 35, the plaintiff "warrants and convents that neither . . [he] . . . or anyone in privity . . . will make any claims, demands, causes of actions or any kind and nature, or obtain or enforce any judgments, executions or levies thereon directly or indirectly (including subrogation-matters) against MARINA arising out of any damage, loss, personal injury . . . suffered."

3

3.    The terms of the contract are clear, unequivocal and enforceable.

4.    Insofar as the plaintiff has clearly waived any claim, he is not entitled to bring the present action.

5.    The Mashpee Neck Marina, then, requests this court to enter a declaratory judgment indicating that the contract is enforceable and that the plaintiff cannot bring the present complaint.

WHEREFORE, the Mashpee Neck Marina, demands judgment that the contract signed by the plaintiff is enforceable and that the plaintiff cannot bring the present claim.

## COUNT II – COUNTERCLAIM FOR INDEMNITY AND BREACH OF CONTRACT

1.    The contract signed by the plaintiff specifies that "the owner and vessel agree in covenant that they will defend, indemnify and safe marina harmless from any and all such claims, demands, causes of actions, judgments and executions and the marina shall be entitled to reasonable attorney fees in the event of breach of the owner's covenant hereunder." (paragraph 35)

2.    The marina has incurred costs and attorney's fees in defending this present claim.

3.    The plaintiff has breached the contract insofar as he has refused to indemnify the Mashpee Neck Marina for its costs of defense.

WHEREFORE, Mashpee Neck Marina requests this court to enter judgment in its favor.

## THE DEFENDANT DEMANDS A TRIAL BY JURY OF ALL ISSUES HEREIN.

Respectfully submitted,

John H. Bruno II, Esquire
B.B.O. No. 542098
Masi & Bruno
124 Long Pond Road
Unit 11
Plymouth, MA 02360
(508)747-5277

### CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail / hand on

2/9/05

4