UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11420 PBS

MARK BROADLEY,
    Plaintiff

VS.

MASHPEE NECK MARINA, INC.,
    Defendant

**OPPOSITION OF THE DEFENDANT, MASHPEE NECK MARINA, INC., TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT**

Now comes the Mashpee Neck Marina, Inc. and **opposes** the plaintiff, Mark Broadley's Motion for Partial Summary Judgment and pursuant to Fed.R.Civ.P. Rule 56 hereby files this **Cross-Motion for Summary Judgment**. As grounds therefore, Mashpee Neck Marina, Inc. states:

1. Mark Broadley's claim in this case is that after alighting from his boat that he injured his ankle while standing on a floating dock at the Mashpee Neck Marina

2. Mark Broadley prior to the injury to his ankle, had contracted with Mashpee Neck Marina, Inc. for seasonal dockage and mooring. The contract between Mark Broadley and Mashpee Neck Marina, Inc. was a dockage/mooring contract.

3. Pursuant to paragraph 35 of the dockage/mooring contract, Mark Broadley "Warrants and covenants that neither [Mark Broadley], the vessel nor anyone in privity with either, will make any claims, demands, causes of action of any kind and nature or obtain or enforce any judgments, executions or levees thereon, directly or indirectly (including subrogation – matters), against MARINA, its officers, directors, agents, servants or its employees arising out of any damage, loss, personal injury or death suffered by them or those in privity with them or any damage, loss, personal injury or death suffered by other vessel owners, vessels, or persons in privity with them: for which third-party claims might otherwise be raised against MARINA, etc. [Mark Broadley] and vessel agree and covenant that they will defend, indemnify and save MARINA harmless from any and all of such claims, demands, causes of action, judgments and executions, and the MARINA shall be entitled to reasonable attorney's fees in the event of breach of [Mark Broadley's] covenant hereunder.

4.      Pursuant to the dockage/mooring contract signed by Mark Broadley, Mark Broadley has agreed not to raise or bring any claim against Mashpee Neck Marina and Mashpee Neck Marina is entitled to judgment dismissing Mark Broadley's complaint.

5.      Moreover, pursuant to paragraph 35 of the dockage/mooring contract, Mark Broadley has agreed to indemnify and hold harmless Mashpee Neck Marina from any and all claims. As a result of Mark Broadley's action in this case, the MARINA has incurred costs and expenses to which they are entitled to indemnification.

WHEREFORE, Mashpee Neck Marina, Inc. moves that this court enter judgment in its favor, there being no genuine issue of material facts and that Mashpee Neck Marina, Inc. is entitled to judgment as a matter of law. All as more clearly shown by the attached memorandum of law.

Respectfully submitted,

/S/ JOHN H. BRUNO
John H. Bruno II, Esquire
B.B.O. No. 542098
Masi & Bruno
124 Long Pond Road
Unit 11
Plymouth, MA 02360
(508)747-5277
JBruno@Allmerica.com