UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11420 PBS

MARK BROADLEY,
    Plaintiff

VS.

MASHPEE NECK MARINA, INC.,
    Defendant

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM FOR CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I.     FACTS AND BACKGROUND**

Pending before this court are Cross-Motions for Summary Judgment relating to the effect of exculpatory language in a dockage contract between the plaintiff, Mark Broadley, and the defendant, Mashpee Neck Marina, Inc. The Cross-Motions for Summary Judgment were scheduled for and heard on August 17, 2005 before Judge Patti B. Saris. Judge Saris took the cross-motions under advisement, however, requested supplemental briefing/memorandums on the issue of the court's ability to reform or modify the dockage agreement. In this regard, Judge Saris indicated that she believed that the First Circuit's opinion in **La Esperanza de P.R., Inc. v. Perez Y. Cia de P.R., Inc.**, 124 F3d 10, 19 (1st Circuit 1997) controlled and that exculpatory clauses would not be enforced to the extent that they precluded claims for gross negligence.

Judge Saris, suggested that the proper remedy might the court's reformation of the exculpatory clause. In effect, the court would allow the case to proceed on the question of gross negligence and find that any claim of negligence was barred by the exculpatory language in the dockage agreement.

1

**II.    ANALYSIS/ARGUMENT**

Although the defendant, Mashpee Neck Marina, Inc., continues to hold its argument that the exculpatory language in the dockage agreement in this case is valid and enforceable, in the event, as appears in this case, that the court has determined that the exculpatory language is over broad, then the law is quite clear that the court has the ability to enforce the exculpatory language to the extent that it bars claims of negligence.  The law as explained in **Restatement of Law, Second Contracts**, Chapter 8 – Unenforceability on Grounds of Public Policy at §184 quite clearly indicates that if part of an agreement is unenforceable, the court may nevertheless enforce the rest of the agreement.  As indicated in the **Restatement**:

> "§184 When Rest of Agreement is Enforceable
>
> (1)    If less than all of an agreement is unenforceable under the rule state in §178, a court may nevertheless enforce the rest of the agreement in favor of a party who did not engage in serious misconduct if the performance as to which the agreement is enforceable is not an essential part of the agreed exchange.
> (2)    A court may treat only part of a term as enforceable under the rule stated in Subsection (1) if the party who seeks to enforce the term obtained it in good faith and in accordance with reasonable standards of fair dealing."

Moreover, the First Circuit permits a court to modify contracts and enforce revised versions thereof.  **Cosimini, et al. v. Atkinson-Kiewit Joint Venture, et al.**, 877 F. Supp. 68 (USDCT RI 1995) ("First Circuit law permits a court to modify an illegal contract and enforce the revised version, even selectively enforcing some components of a seemingly indivisible clause." (citations omitted)).  **Cosimini**, *Id* at **71**.

The only prohibition under the **Restatement** and the law of the First Circuit appears to be where one party is either overreaching or attempting to take unfair advantage.  In those instances, according to the **Restatement** and the law of the First Circuit, the court would not exercise its

authority to revise the contract. However, in this case there is no evidence of overreaching or unfair bargaining. In fact, the contract itself as pointed out by the court during the motion hearing particularly specifies that the agreement was intended to be enforced "only to the extent which is permissible by law." (*See* dockage agreement at paragraph 36). It is clear, then, that notwithstanding the exact phrasing of the exculpatory clause, it was the intention of the parties to the dockage agreement that the dockage agreement, including the exculpatory language, was to be a reflection of applicable law. In this case, the court has indicated that the applicable law would prohibit the enforcement of the exculpatory clause to the extent that it prohibits claims of gross negligence. However, to the extent that the exculpatory clause seeks absolution from claims of negligence, it is within the parameters of current law in the First Circuit.

### III.    CONCLUSION

The law is quite clear both as outlined in the **Restatement of Contracts** and in the First Circuit, that the court has the ability to enforce terms in a contract and by reforming or modifying the contract to excise any aspect of the contractual term which is against public policy. In this case, the court has indicated that exculpatory clauses are enforceable only to the extent that they seek absolution from claims of negligence. Consequently, the court can grant the Mashpee Neck Marina, Inc.'s Motion for Summary Judgment to the extent that the plaintiff, Mark Broadley raises claims in negligence and at the same time refuse to grant the Motion for Summary Judgment of Mashpee Neck Marina, Inc. to the extent that the exculpatory clause seeks to protect Mashpee Neck Marina, Inc. from claims of gross negligence. It is clear from a

review of the entire contract that the parties intended only to have the exculpatory clause reach to the permissible limits of law.

                                                Respectfully submitted,

                                                /S/ JOHN H. BRUNO
                                                John H. Bruno II, Esquire
                                                B.B.O. No. 542098
                                                Masi & Bruno
                                                124 Long Pond Road
                                                Unit 11
                                                Plymouth, MA 02360
                                                (508)747-5277
                                                JBruno@Allmerica.com