UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11420-PBS

MARK BROADLEY,           )
    Plaintiff                )
                             )
v.                       )
                             )
MASHPEE NECK MARINA, INC. )
    Defendant                )

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

### I.   INTRODUCTION AND PROCEDURAL HISTORY

Mark Broadley's ankle was shattered, requiring the installation of plates and screws, when it became wedged between floating docks at Mashpee Neck Marina, where his boat was moored. Citing an exculpatory clause in the wharfage contract, Mashpee Neck Marina asserts that Broadley has contractually agreed to waive all causes of action, and has therefore denied liability.

Broadley Filed suit under the general maritime law. In that suit, Broadley requested this court under the Declaratory Judgment Act to declare and determine the validity of the exculpatory clause. On May 3, 2005 Broadley moved for partial summary judgment, asking this court to strike the exculpatory clause and rule that it is of no force and effect. Mashpee Neck Marina filed a cross-motion for summary judgment. This motion was heard on August 17, 2005. At the hearing, the court indicated that this case was

1

controlled by La Esperanza de P.R., Inc. v. Perez Y. Cia de P..R., Inc., 124 F.3d 10 (1st Cir. 1997).

This court's interpretation of La Esperanza was that exculpatory or "red letter" clauses are not enforced if they preclude claims for gross negligence. This court invited the parties to brief the issue as to whether it could re-write or reform the contract to reflect the intent of the parties; the court further indicated that it was inclined to allow the exculpatory clause as to the plaintiff's negligence claim but not as to the gross negligence claim. The court then scheduled a jury trial for the gross negligence claim only in October, 2005.

## II.    LAW AND ARGUMENT

The controlling case in the First Circuit is L'Esperanza, supra. L'Esperanza allows a party to contractually limit its liability for negligence, as long as the potential liability is sufficient to deter negligence. A party cannot completely absolve itself of liability for negligence, however. Limitations of any kind on a party's liability for gross negligence are not allowed, however.

Pursuant to First Circuit law, the court may reform a written contract "if the language of a written instrument does not reflect the true intent of both parties." Berezin v. Regency Savings Bank, 234 F.3d 68 (1st Cir. 2000). There is no law in this Circuit stating that the court can modify an exculpatory clause that is void and unenforceable from the outset, however. Moreover, this exculpatory clause cannot be reformed for another reason: there is no evidence that the parties intended to limit the damages partially. This court would have to pick and choose, without any evidence,

2

which potential damage recoveries to allow the plaintiff and which to discard. The United States Supreme Court has held that "where a contract is void at law for want of power to make it, a court of equity has no jurisdiction to enforce such contract, or, in the absence of fraud, accident, or mistake to modify it as to make it legal and then enforce it." <u>Hedges v. Dixon County,</u> 150 U.S. 182 (1893).

## CONCLUSION

For these reasons, the plaintiff requests this court to allow his partial summary judgment motion, and declare and determine that the exculpatory clause in the contract is void, unenforceable, and cannot be reformed.

Respectfully submitted,
by his attorney,

/s/Thomas M. Bond
THOMAS M. BOND, ESQ.
**THE KAPLAN/BOND GROUP**
88 Black Falcon Avenue
Suite 301
Boston, MA 02210
(617) 261-0080
B.B.O. #: 546649

Dated: September 16, 2005