UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11420-PBS

| | |
|---|---|
| MARK BROADLEY, ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| MASHPEE NECK MARINA, INC. ) | |
|     Defendant ) | |

## JOINT PRE-TRIAL MEMORANDUM

**INTRODUCTION AND PRELIMINARY STATEMENT**

    The parties submit this Joint Pretrial Memorandum pursuant to Loc. R. 16.5(D). The disposition and travel of this case will depend upon this court's ruling on the outstanding Cross-Motions for Summary Judgment. On May 3, 2005 Broadley moved for partial summary judgment, asking this court to strike the exculpatory or "red letter" clause and rule that it is of no force and effect. Mashpee Neck Marina filed a cross-motion for summary judgment. This motion was heard on August 17, 2005. At the hearing, the court indicated that this case was controlled by La Esperanza de P.R., Inc. v. Perez Y. Cia de P..R., Inc., 124 F.3d 10 (1st Cir. 1997).

    This court's interpretation of La Esperanza was that exculpatory or "red letter" clauses are not enforced if they preclude claims for gross negligence. This court invited the parties to brief the issue as to whether it could re-write or reform the contract to reflect the intent of the parties; the court further indicated that it was inclined to allow the exculpatory clause as to the

plaintiff's negligence claim but not as to the gross negligence claim.  The court then scheduled a **jury trial for the gross negligence claim  only** for October 11, 2005.

In the interim, both parties filed supplemental memoranda in support of their cross motions for summary judgment.  The court has not yet formally ruled on these motions.   If the court proceeds as it indicated it would and rewrites the exculpatory clause to allow the case to proceed only on the gross negligence claim, a jury trial will not be necessary and judgment for the defendant should enter:  the plaintiff never filed a count for gross negligence, and pursuant to Fed. R. Civ. P. 11 does not have a good faith basis for making such a claim.  On the other hand, if this court declares that the exculpatory clause is of no force or effect, the plaintiff requests 90 days to supplement expert discovery and take additional depositions before proceeding to trial on the negligence claim.

I.     CONCISE STATEMENT OF EVIDENCE

A.     *Plaintiff:*

Mark Broadley's evidence will show that the gap between the floating docks was an entrapment hazard.  It could have easily and cheaply been remedied by either placing a rigid mat over the gap, or narrowing the gap (which was 4" at rest in calm conditions, and substantially more with wave action).  Mashpee Neck Marina's reliance upon  The Town of Mashpee and U.S. Army Corps of Engineers' Regs is misplaced, as they do not regulate the size, shape, or width of the gap of the dock, but only its location.  Mr. Broadley's ankle was fractured into many pieces (a "comminuted fracture") which required the insertion of plates and screws and an operation under general anesthesia.  His ankle bothers him to this day;  the only medical evidence is that he has suffered a 20% permanent loss of function due to this incident.

**B.**     *Defendant:*

Mashpee Neck Marina, Inc. expects to show that the floating dock wherein Mark Broadley claims to have been injured is of standard construction made from component parts purchased from commercial dock vendors.  The dock has been in existence for several years and further is controlled and licensed by the Town of Mashpee, State of Massachusetts, and the United States Army Core of Engineers.  There is no defect in the dock.  Further, Mashpee Neck Marina expects that the evidence will show that although Mark Broadley did in fact incur a broken ankle, that the treatment was relatively routine and that he has made a good recovery.

**II.**     **FACTS ESTABLISHED BY PLEADINGS OR STIPULATION**

There are no stipulated facts.

**III.**     **CONTESTED ISSUES OF FACT**

The issues of liability and damages are contested.

**IV.**     **JURISDICTIONAL QUESTIONS**

Mashpee Neck Marina, Inc. has raised the question of whether or not this case is subject to federal jurisdiction.  The only basis for the federal jurisdiction is that the case was filed under the court's maritime jurisdiction.  The sole reason for the maritime jurisdiction is the dockage contract between Mark Broadley and Mashpee Neck Marina, Inc.

The plaintiff asserts that Mashpee Neck Marina has already filed a Motion to Dismiss for lack of subject matter jurisdiction.  This motion was denied by Magistrate Judge Collings, and denied again upon review by this court.

V. **ANY QUESTIONS RAISED BY PENDING MOTIONS**

The court has yet to rule on the Cross-Motions for Summary Judgment. The future course of the case is contingent on the court's ruling on this motion.

VI. **ISSUES OF LAW**

The court has not ruled on the pending Cross-Motions for Summary Judgment. Depending on the Court's ruling, the case could be tried solely as a gross negligence case. The plaintiff asserts that he has not pleaded gross negligence, and there is no good faith basis for a gross negligence claim; if this court dismisses the negligence count upon rewriting the exculpatory clause, final judgment must enter.

VII. **REQUESTED AMENDMENTS TO THE PLEADINGS**

None.

VIII. **ANY ADDITIONAL MATTERS TO AID IN THE DISPOSITION OF THE ACTION**

Resolution of the outstanding Cross-Motions for Summary Judgment.

IX. **PROBABLE LENGTH OF TRIAL**

Three days.

**X.    NAMES, ADDRESSES AND TELEPHONE NUMBER OF WITNESSES TO BE CALLED**

**A.**   *Plaintiff:*

Mark Broadley, plaintiff

DeAnna Broadley, plaintiff's spouse

Scott Rigsby, neighboring slip owner

Each witness listed or called by defendant

Authentication witnesses, if necessary

Rebuttal witnesses, if necessary

**B.**   *Defendant:*

Nelson Brace, General Manager – Mashpee Neck Marina

Mark Broadley – Plaintiff

Timothy Leedham – President – Mashpee Neck Marina, Inc.

**XI.    PROPOSED EXHIBITS**

Photographs of the dock.

Exemplar hardware of the dock components

Medical records

Medical bills

Tax returns

XII. **PARTIES RESPECTIVE POSITIONS ON REMAINING OBJECTIONS TO EVIDENCE IDENTIFIED IN PRE-TRIAL DISCLOSURE**

The plaintiff objects to the admission of U.S. Army Corps of Engineers regulations, or to Town of Mashpee permits for the dock. These regulations have nothing whatsoever to do with the issue of appropriate gap space, if any, between the docks. Allowing the defendant or any of its witnesses to refer to them would be unduly prejudicial, as it may confuse the jury into thinking that the regulations/permit is tantamount to a "stamp of approval" by the licensing or governing authority.

*Counsel for Plaintiff:*                *Counsel for Defendant:*


 /s/ Thomas M. Bond                     /s/ John H. Bruno, II
Thomas M. Bond, Esquire                John H. Bruno II, Esquire
B.B.O. No. 545549                      B.B.O. No. 542098
**THE KAPLAN/BOND GROUP**              **MASI & BRUNO**
83 Black Falcon Avenue                 124 Long Pond Road
Suite 301                              Unit 11
Boston, MA 02210                       Plymouth, MA 02360
(617)261-0080                          (508)747-5277