UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

                                      )
MARK BROADLEY,                        )
        Plaintiff,                    )
                                      )
        v.                            ) CIVIL ACTION NO. 04-11420-PBS
                                      )
MASHPEE NECK MARINA, INC.,            )
        Defendant.                    )
                                      )

                         **MEMORANDUM AND ORDER**

                          September 28, 2005

Saris, U.S.D.J.

   In this admiralty action, the parties dispute whether the exculpatory clause in the dockage agreement is enforceable to the extent it precludes claims for gross negligence.

   As factual background, in August 2002, plaintiff Mark Broadley entered into a mooring/dockage agreement with defendant Mashpee Neck Marina to lease a slip. On August 25, 2002, while stepping from the main dock onto a floating dock, his foot became stuck in the gap between the two docks, and he fractured his ankle. He claims that defendant was negligent under general maritime law.

   The parties have filed cross-motions for summary judgment. Plaintiff seeks a declaration that the exculpatory clause is void as against public policy. The clause provides:

> [Neither Mr. Broadley], [his] Vessel, nor
> anyone in privity with either, will make any
> claims, demands, causes of action of any kind
> and nature, or obtain or enforce any

>     judgments, executions or levies thereon,
>     directly or indirectly . . . against [the
>     Marina], its officers, directors, agents,
>     servants, or its employees, arising out of
>     any damage, loss, personal injury or death
>     suffered by them or those in privity with
>     them . . . .

Because the parties agree that maritime law governs, the analysis must be moored to La Esperanza de P.R., Inc. v. Perez Y Cia de P.R., Inc., 124 F.3d 10, 19 (1st Cir. 1997) (involving a ship repair contract which held that an exculpatory clause may not limit liability on a marine contract for gross negligence). Under La Esperanza, the exculpatory clause, as worded, is unenforceable.

The inquiry does not end there, for if less than all of an agreement is unenforceable, a court may enforce the balance of the agreement in certain circumstances. See Restatement (Second) of Contracts, §184. As indicated in the Restatement:

>     (1) If less than all of an agreement is
>     unenforceable under the rule stated in §178,
>     a court may nevertheless enforce the rest of
>     the agreement in favor of a party who did not
>     engage in serious misconduct if the
>     performance as to which the agreement is
>     unenforceable is not an essential part of the
>     agreed exchange.
>
>     (2) A court may treat only part of a term as
>     unenforceable under the rule stated in
>     Subsection (1) if the party who seeks to
>     enforce the term obtained it in good faith
>     and in accordance with reasonable standards
>     of fair dealing.

The First Circuit has followed this standard for contract reformation in other contexts. Canal Ins. Co. v. Benner, 980

F.2d 23, 26-27 (1st Cir. 1992).

Here, there is no evidence of bad faith that would prevent reformation.  The unenforceable portion (precluding liability for gross negligence) is not central to the agreement, and, significantly, the parties to the dockage agreement intended it to be enforced "only to the extent which is permissible by law."  Accordingly, the Court orders the contract to be reformed and holds it is enforceable except to the extent the exculpatory clause precludes liability for gross negligence.  Therefore, the claim of negligence is precluded.

At oral argument on September 28, 2005, plaintiff conceded there was no evidence of gross negligence and does not seek to amend the complaint to assert this claim.

### ORDER

The Court orders entry of judgment in favor of defendant. The Court **ALLOWS** both motions for summary judgment only to the extent stated herein.

                                        S/PATTI B. SARIS
                                        United States District Judge