UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11420 PBS

MARK BROADLEY,
    Plaintiff

VS.

MASHPEE NECK MARINA, INC.,
    Defendants

**DEFENDANT, MASHPEE NECK MARINA, INC.'S,
REQUEST FOR JURY INSTRUCTION**

The defendant makes the following request for instruction to the jury:

NEGLIGENCE – DUTY OF CARE

    In maritime cases the duty owed is that of exercising reasonable care under the circumstances. Under this standard, the degree of care required must be in proportion to the apparent risk.

Muratore v. M/S Scotia Prince, 845 F.2d 347, 353 (1st Cir. 1988).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11420 PBS

MARK BROADLEY,
    Plaintiff

VS.

MASHPEE NECK MARINA, INC.,
    Defendants

## DEFENDANT, MASHPEE NECK MARINA, INC.'S, REQUEST FOR JURY INSTRUCTION

The defendant makes the following request for instruction to the jury:

### PREMISES LIABILITY - BUSINESS PREMISES/STANDARD OF CARE

    The obligation of a person in control of a business premises is to use due care to keep the premise provided for the use of its patrons in a reasonably safe condition, or at least to warn them of any defects which might arise out of such use which are not likely to be known to the patrons and of which the defendant knew or ought to have known.

Oliveri v. Massachusetts Bay Transportation Authority, 363 Mass. 165, 292 N.E.2d 863 (1973).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11420 PBS

MARK BROADLEY,
    Plaintiff

VS.

MASHPEE NECK MARINA, INC.,
    Defendants

**DEFENDANT, MASHPEE NECK MARINA, INC.'S,
REQUEST FOR JURY INSTRUCTION**

The defendant makes the following request for instruction to the jury:

PREMISES LIABILITY - DEFECT

    The plaintiff must show some defect and that the defendant knew or should have known about the defect and should have taken steps to remedy or warn.

Grace v. Jordan Marsh Company, 317 Mass. 632, 59 N.E.2d 283 (1945);

Battista v. F.W. Woolworth Company, 317 Mass. 179, 57 N.E.2d 552 (1944).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11420 PBS

MARK BROADLEY,
    Plaintiff

VS.

MASHPEE NECK MARINA, INC.,
    Defendants

**DEFENDANT, MASHPEE NECK MARINA, INC.'S,
REQUEST FOR JURY INSTRUCTION**

The defendant makes the following request for instruction to the jury:

<u>PREMISES LIABILITY - STANDARD OF CARE - LANDOWNER</u>

    The law imposes on a person in control of property a duty to maintain his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury and the burden of avoiding the risks - however, there is no obligation to supply a place of maximum safety, but only one which would be safe to a person who exercises such minimum care as to circumstances reasonably indicate.

<u>Toubiana v. Preiestly</u>, 402 Mass. 84, 520 N.E.2d 1307 (1988).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11420 PBS

MARK BROADLEY,
    Plaintiff

VS.

MASHPEE NECK MARINA, INC.,
    Defendants

**DEFENDANT, MASHPEE NECK MARINA, INC.'S,
REQUEST FOR JURY INSTRUCTION**

The defendant makes the following request for instruction to the jury:

PREMISES LIABILITY -  STANDARD OF CARE/OPEN AND OBVIOUS

    Normally, a landowner has no duty to warn of open and obvious dangers. Sweet v. Cieslak, 23 Mass. App. Ct. 908, 499 N.E. 2d 1218 (1986). Moreover, a landowner has no obligation to protect lawful visitors on his property from risks that would be obvious to persons of average intelligence.

Toubiana v. Preiestly, 402 Mass. 84, 520 N.E.2d 1307 (1988).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11420 PBS

MARK BROADLEY,
    Plaintiff

VS.

MASHPEE NECK MARINA, INC.,
    Defendants

**DEFENDANT, MASHPEE NECK MARINA, INC.'S,
REQUEST FOR JURY INSTRUCTION**

The defendant makes the following request for instruction to the jury:

<u>NEGLIGENCE - PLAINTIFF DUTY OF CARE</u>

    The plaintiff is obligated to take some active precautions for his own safety. No person has a right to put himself in an obvious place of danger, entirely trusting to the discretion or wisdom of someone else. There must be that exercise of reasonable care and causation on everybody's part which the jury would normally expect from a reasonably prudent person.

<u>Tookmanian v. Fanning</u>, 308 Mass. 162, 31 N.E.2d 536 (1941).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11420 PBS

MARK BROADLEY,
    Plaintiff

VS.

MASHPEE NECK MARINA, INC.,
    Defendants

**DEFENDANT, MASHPEE NECK MARINA, INC.'S,
REQUEST FOR JURY INSTRUCTION**

The defendant makes the following request for instruction to the jury:

CUSTOM AND USAGE/INDUSTRY STANDARDS

    Industry standards may be some evidence of negligence.  Fidalgo v. Columbus McKinnon Corp., 56 Mass. App. Ct. 176, 184 775 N.E.2d 803 (2002).

    Proof that the defendant complied with industry practice militates against a finding of negligence.  Bergendahl v. Massachusetts Electric, 45 Mass. App. Ct. 715, 707 N.E.2d 1078 (1998) *FAR Denied* 428 Mass. 1111, 707 N.E.2d 1078 (1999).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11420 PBS

MARK BROADLEY,
    Plaintiff

VS.

MASHPEE NECK MARINA, INC.,
    Defendants

**DEFENDANT, MASHPEE NECK MARINA, INC.'S,
REQUEST FOR JURY INSTRUCTION**

The defendant makes the following request for instruction to the jury:

CUSTOM AND USAGE

    Compliance with customs and practices of an industry can be considered as evidence of due care. *The Law of Maritime Personal Injuries 5th Ed.*, Force and Norris Volume I @ Section 8:3.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11420 PBS

MARK BROADLEY,
    Plaintiff

VS.

MASHPEE NECK MARINA, INC.,
    Defendants

**DEFENDANT, MASHPEE NECK MARINA, INC.'S,
REQUEST FOR JURY INSTRUCTION**

The defendant makes the following request for instruction to the jury:

PLAINTIFF'S BURDEN OF PROOF

"There is no presumption of negligence merely because an accident has happened. The burden of proof with regard to negligence is upon the plaintiff. The plaintiff must establish by a preponderance of the evidence that the defendant was in fact negligent."

*The Law of Maritime Personal Injuries 5th Ed.*, Force and Norris Volume I @ Section 8:11.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11420 PBS

MARK BROADLEY,
    Plaintiff

VS.

MASHPEE NECK MARINA, INC.,
    Defendants

**DEFENDANT, MASHPEE NECK MARINA, INC.'S,
REQUEST FOR JURY INSTRUCTION**

The defendant makes the following request for instruction to the jury:

DOCK OWNER – DUTY OF CARE

    Although a dock owner would owe a duty of reasonable care, he is not obligated to warn of open and obvious dangers.  *See*, Marin v. Myers, 665 F.2d 57 (1981).