UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11420 PBS

MARK BROADLEY,
    Plaintiff

VS.

MASHPEE NECK MARINA, INC.,
    Defendant

### AMENDED JOINT PRE-TRIAL MEMORANDUM

**THE PARTIES SUBMIT THIS JOINT PRE-TRIAL MEMORANDUM PURSUANT TO LOC. R. 16.5(D)**

### I.     CONCISE STATEMENT OF EVIDENCE

**A.**     *Plaintiff*:

Mark Broadley's evidence will show that the gap between the floating docks was an entrapment hazard. It could have easily and cheaply been remedied by either placing a rigid mat over the gap, or narrowing the gap (which was approximately 3" at rest in calm conditions, and substantially more with wave action). Mashpee Neck Marina's reliance upon The Town of Mashpee and U.S. Army Corps of Engineers' Regs is misplaced, as they do not regulate the size, shape, or width of the gap of the dock, but only its location. Mr. Broadley's ankle was fractured into many pieces (a "comminuted fracture") which required the insertion of plates and screws and an operation under general anesthesia. His ankle bothers him to this day; the only medical evidence is that he has suffered a 20% permanent loss of function due to this incident.

B.   *Defendant:*

Mashpee Neck Marina, Inc. expects to show that the floating dock wherein Mark Broadley claims to have been injured is of standard construction made from component parts purchased from commercial dock vendors.  The dock has been in existence for several years and further is controlled and licensed by the Town of Mashpee, State of Massachusetts, and the United States Army Core of Engineers.  There is no defect in the dock.  Further, Mashpee Neck Marina expects that the evidence will show that although Mark Broadley did in fact incur a broken ankle, that the treatment was relatively routine and that he has made a good recovery.

II.   **FACTS ESTABLISHED BY PLEADINGS OR STIPULATION**

There are no stipulated facts.

III.   **CONTESTED ISSUES OF FACT**

The issues of liability and damages are contested.

IV.   **JURISDICTIONAL QUESTIONS**

Mashpee Neck Marina, Inc. has raised the question of whether or not this case is subject to federal jurisdiction. The only basis for the federal jurisdiction is that the case was filed under the court's maritime jurisdiction. The sole reason for the maritime jurisdiction is the dockage contract between Mark Broadley and Mashpee Neck Marina, Inc. The plaintiff asserts that Mashpee Neck Marina has already filed a Motion to Dismiss for lack

of subject matter jurisdiction. This motion was denied by Magistrate Judge Collings, and denied again upon review by this court.

V. **ANY QUESTIONS RAISED BY PENDING MOTIONS**

None.

VI. **ISSUES OF LAW**

None

VII. **REQUESTED AMENDMENTS TO THE PLEADINGS**

None.

VIII. **ANY ADDITIONAL MATTERS TO AIDE IN THE DISPOSITION OF THE ACTION**

None.

IX. **PROBABLE LENGTH OF TRIAL**

Three days.

X. **NAMES, ADDRESSES AND TELEPHONE NUMBER OF WITNESSES TO BE CALLED**

A. *Plaintiff:*

Mark Broadley, plaintiff

DeAnna Broadley, plaintiff's spouse

Scott Rigsby, neighboring slip owner

Each witness listed or called by defendant

Authentication witnesses, if necessary

Dr. Byron V. Hartunian

Captain Mitchell S. Stoller

Daniel Briggs, AMS

Rebuttal witnesses, if necessary

    B.    *Defendant:*

        Nelson Brace, General Manager – Mashpee Neck Marina

        Mark Broadley – Plaintiff

        Timothy Leedham – President – Mashpee Neck Marina, Inc.

        Michael L. Collyer -   Marine Safety Consultants, Inc.

**XI.    PROPOSED EXHIBITS**

Photographs of the dock

Exemplar hardware of the dock components

Medical records

Medical bills

Tax Returns

Tobiasson, Marinas and Small Craft Harbors Supra

**XII.    PARTIES RESPECTIVE POSITIONS ON REMAINING OBJECTIONS TO EVIDENCE IDENTIFIED IN PRE-TRIAL DISCLOSURE**

The plaintiff objects to the admission of U.S. Army Corps of Engineers regulations, or to Town of Mashpee permits for the dock. These regulations have nothing whatsoever to do with the issue of appropriate gap space, if any, between the docks. Allowing the defendant or any of its witnesses to refer to them would be unduly prejudicial, as it may confuse the jury into thinking that the regulations/permit is tantamount to a "stamp of approval" by the licensing or governing authority.

*Counsel for Plaintiff:*                    *Counsel for Defendant:*


 /s/ Thomas M. Bond                         /s/ John H. Bruno II
Thomas M. Bond, Esquire                     John H. Bruno II, Esquire
B.B.O. No. 545549                           B.B.O. No. 542098
The Kaplan/Bond Group                       Masi & Bruno
88 Black Falcon Avenue                      124 Long Pond Road
Suite 301                                   Unit 11
Boston, MA 02210                            Plymouth, MA 02360
(617)261-0080                               (508)747-5277